IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, an Illinois corporation, | ) ) ) | |
| Plaintiff, v. | ) ) ) ) ) | |
| TISSUE PRODUCTS TECHNOLOGY CORPORATION, a Wisconsin corporation, ECO-FIBRE, INC., a Wisconsin Corporation, PARTNERS CONCEPTS DEVELOPMENT, INC., a Wisconsin Corporation, OCONTO FALLS TISSUE, INC., a Wisconsin Corporation, RONALD H. VAN DEN HEUVEL, an individual, and SPIRIT CONSTRUCTION SERVICES, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) | Case No.: 07 C 4351<br><br>Honorable Judge Dow<br><br>Magistrate Judge Cole |
| Defendants. | ) | |

**OCONTO FALLS AND ECO-FIBRE'S MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO IFC'S MOTION FOR SUMMARY JUDGMENT**

Defendants Oconto Falls Tissue, Inc. ("Oconto Falls") and Eco-Fibre, Inc. ("Eco-Fibre") submit this memorandum of law in support of their own motion for summary judgment and in opposition to the motion for summary judgment filed by Plaintiff IFC Credit Corporation ("IFC").

**INTRODUCTION**

IFC's Complaint is directed at six separate defendants and contains four counts. While IFC frequently lumps all 6 defendants together in its motion for summary judgment and supporting memorandum, it is important to note that not all defendants are similarly situated with respect to the claims asserted by IFC. Importantly, while Oconto Falls and Eco-Fibre were

parties to the prior settlement agreement with IFC (the subject of Count I), their obligations under that settlement agreement were different than those of other parties. It is also important to note that Oconto Falls and Eco-Fibre are not a parties to the Master Lease Agreement No. 801109 (the subject of Count II), are not parties to the Guaranty signed by Defendant Ronald Van Den Heuvel (the subject of Count III), and do not have possession of the afterdryers that are at issue in part of IFC's request for injunctive relief in Count IV. The only issues in IFC's complaint and motion for summary judgment against Oconto Falls and Eco-Fibre are whether they breached the prior settlement agreement as alleged by IFC and whether an injunction should be issued against Oconto Falls and Eco-Fibre relating to certain afterdryers. As further discussed below, and as actually admitted by IFC in its motion, Oconto Falls and Eco-Fibre fully performed their obligations under the settlement agreement, while other parties to that agreement allegedly did not. Moreover, the injunctive relief requested in Count IV is not warranted because, among other reasons, Oconto Falls and Eco-Fibre are not in possession of the afterdryers at issue and IFC has an adequate legal remedy in any event. Accordingly, summary judgment should be granted in favor of Oconto Falls and Eco-Fibre and against IFC as to Counts I and IV of IFC's Complaint.

## ARGUMENT

I. **Under The Plain Terms Of The Settlement Agreement, Oconto Falls and Eco-Fibre Fully Performed Their Obligations Upon The Initial $20,000,000 Payment Made To IFC And Are Therefore Entitled to Summary Judgment As To Count I Of IFC's Complaint**

Five of the six defendants in the instant action were parties to a prior settlement agreement with IFC: Tissue Products Technology Corporation ("TPTC"), Partners Concepts Development, Inc. ("PCDI"), Ronald Van Den Heuvel ("Van Den Heuvel"), Eco-Fibre and Oconto Falls. (Defendants' Rule 56.1 Statement of Facts, ¶1) (hereinafter, "Def. SF, ¶___").

The settlement agreement required a total amount of $23,400,000 to be paid to IFC – referred to under the settlement agreement as the "Total Settlement Amount". (Def. SF, ¶2). The agreement further specified that "[o]f the Total Settlement Amount, twenty million dollars and no cents ($20,000,000) . . . shall be paid to IFC, Fortress, and GWSB via wire transfer, as set forth in Paragraph 1(c) to this Agreement, on the Closing Date . . . ." (Def. SF, ¶3). The $20,000,000 payment was referred to as "the Initial Settlement Payment". (Def. SF, ¶4). Paragraph 1(c) of the agreement specified that all five of the defendants here who were parties to the agreement were responsible for making the Initial Settlement Payment. (Def. SF, ¶5). As to the remaining $3.4 million settlement amount, the agreement specifically stated that such amount was to be paid only by TPTC and PCDI and was to be made in ten equal installments of $340,000 (referred to as the "Series Payments"), the first such payment to be made in accordance with the terms of the 801109 Afterdryer Lease (to which only TPTC and PCDI, but not Oconto Falls and Eco-Fibre, were parties). (Def. SF, ¶6).

IFC has admitted that the Initial Settlement Payment of $20,000,000 was made. (Def. SF, ¶7). Since that was the only amount Oconto Falls and Eco-Fibre were required to pay, it necessarily follows that Oconto Falls and Eco-Fibre fully performed under the settlement agreement and are therefore entitled to judgment here as a matter of law. The remaining $3.4 million of the Total Settlement Amount is to be paid, if at all, only by PCDI and TPTC, as even IFC admits in its motion. *See* IFC Motion at 6 ("Defendants paid IFC the Initial Settlement Amount of $20 million on or about April 17, 2007, pursuant to the Agreement, ***and the remaining $3.4 million was required to be paid by TPTC and PCDI*** . . . .") (emphasis added). Therefore, IFC's motion for summary judgment as to Count I should be denied and the motion for summary judgment by Oconto Falls and Eco-Fibre should be granted.

**II. Oconto Falls And Eco-Fibre Are Also Entitled To Summary Judgment In Their Favor As To Count IV Of IFC's Complaint Because IFC Has Failed To State Any Recognizable Cause Of Action Against Them Or To Present Any Evidence To Support An Award Of Injunctive Relief**

In Count IV, IFC purports to state a claim for "preliminary injunction against defendants." The portion of that count directed at Oconto Falls and Eco-Fibre seeks to enjoin them from "using, selling, delivering, transferring, assigning, affixing or otherwise conveying" certain afterdryers. (Def. SF, ¶8). In its motion and supporting memorandum, IFC further seeks an order requiring the defendants to immediately return the afterdryers to IFC. (Def. SF, ¶9). Oconto Falls and Eco-Fibre are entitled to summary judgment on this count, however, because (i) a purported claim for an injunction is not a recognized cause of action, (ii) Oconto Falls and Eco-Fibre are not even in possession of the afterdryers, and (iii) IFC has an adequate legal remedy in any event.

**A. Oconto Falls And Eco-Fibre Are Entitled To Summary Judgment Because IFC's Claim For Injunctive Relief In Count IV Is Not A Cause Of Action**

As an initial matter, Oconto Falls and Eco-Fibre are entitled to summary judgment on Count IV because IFC has failed to state any recognizable cause of action against them in that count. In Count IV, IFC purports to state a claim for "Preliminary Injunction Against All Defendants." (Complaint at 18). However, it is axiomatic that "injunctive relief is not a cause of action at all, but rather a remedy." *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995). As the Court in *Noah* explained:

> By its very name, it is apparent that injunctive relief is a remedy. Where a party has a legal right threatened by irreparable harm and there is no adequate remedy at law, a party may seek an injunction. Noah, however, fails to state a claim merely by stating that he is entitled to injunctive relief. An injunction is a remedy, not a cause of action.

*Id.* (granting defendant judgment as a matter of law).

In the instant case, IFC has not alleged that Oconto Falls or Eco-Fibre breached a contract or committed a tort relating to the afterdryers or committed any other act that gives rise to a recognized legal claim. Instead, like the plaintiff in *Noah*, IFC simply asserts that it is entitled to injunctive relief. Because IFC has merely requested a remedy without stating any cause of action upon which such relief could be granted, Oconto Falls and Eco-Fibre are entitled to judgment as a matter of law on Count IV of IFC's Complaint.

  **B.  IFC Is Not Entitled To Injunctive Relief Against Oconto Falls Or Eco-Fibre For The Additional Reasons That Neither Of Those Parties Is In Possession Of The Afterdryers, And IFC Has An Adequate Legal Remedy In Any Event**

Another very simple reason why IFC is not entitled to injunctive relief against Oconto Falls or Eco-Fibre is that neither of those parties is in possession or control of the afterdryers. (Def. SF, ¶10). Instead, the afterdryers are in the possession and control of PCDI. (Def. SF, ¶10). Since Oconto Falls and Eco-Fibre do not possess or control the afterdryers, it necessarily follows that they cannot take any of the actions that IFC seeks to enjoin. Accordingly, IFC's motion for summary judgment should be denied, and Oconto Falls and Eco-Fibre's motion for summary judgment should be granted.

In addition, even if PCDI kept the afterdryers without paying for them, such conduct would merely amount to a breach of contract. As such, injunctive relief would not be appropriate because money damages would clearly provide IFC with an adequate legal remedy. The Seventh Circuit has explained that specific performance is appropriate only when ordinary monetary damages are not adequate:

> The normal remedy for breach of contract is an award of damages, not an order of specific performance (i.e., a positive injunction); "practically speaking the duty created by a contract is just to perform or pay damages, for only if damages are inadequate relief in the particular circumstances of the case will specific performance be ordered."

5

*Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 945 (7th Cir. 2006) (quoting *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.*, 313 F.3d 385, 389 (7th Cir. 2002)). *See also Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996) ("The normal remedy for breach of contract is an award of damages. Specific performance is exceptional . . . . The exception comes into play when damages are an inadequate remedy, whether because of the defendant's lack of solvency or because of the difficulty of quantifying the injury to the victim of the breach."). In *Zapata*, the Seventh Circuit further explained the rationale behind the specific performance remedy:

> [U]nder the common law (including the common law of Illinois . . .), a breach of contract is not considered wrongful activity in the sense that a tort or a crime is wrongful. When we delve for reasons, we encounter Holmes's argument that practically speaking the duty created by a contract is just to perform or pay damages, for only if damages are inadequate relief in the particular circumstances of the case will specific performance be ordered. In other words, and subject to the qualification just mentioned, the entire practical effect of signing a contract is that by doing so one obtains an option to break it. The damages one must pay for breaking the contract are simply the price if the option is exercised.

*Zapata* at 389. Were the law otherwise, any party to a contract could seek an injunction for specific performance, effectively transforming a potential breach of contract into a potential violation of a court order, and thereby altering the rights of the other party to the contract.

IFC offers no evidence that monetary damages would not redress any potential breach of contract. IFC would merely have an ordinary breach of contract claim (against parties other than Oconto Falls and Eco-Fibre) for which monetary damages would be adequate. For this additional reason, IFC's motion for summary judgment should be denied and Oconto Falls and Eco-Fibre's motion for summary judgment should be granted.

Even IFC's own complaint and summary judgment papers suggest that its request for injunctive relief against Oconto Falls and Eco-Fibre has no support in law or in fact. For

6

example, in its Complaint, IFC addresses the requisite elements of a preliminary injunction under Illinois law and applies them to IFC's claim against PCDI and TPTC for return of the afterdryers. (Complaint, ¶41). IFC's Complaint is devoid of any such analysis as to Oconto Falls or Eco-Fibre – parties that are not even in possession of the afterdryers – as is IFC's motion for summary judgment and its supporting memorandum of law. In fact, in its motion for summary judgment, IFC states only that it entitled to an order requiring TPTC and PCDI to surrender the afterdryers and does not even mention Oconto Falls or Eco-Fibre in that regard. (Motion, ¶36). IFC merely lumped Oconto Falls and Eco-Fibre in its count for injunctive relief without any support for doing so, and Oconto Falls and Eco-Fibre are therefore entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, Oconto Falls and Eco-Fibre respectfully request that this Court deny the motion for summary judgment filed by IFC and grant Oconto Falls and Eco-Fibre's own motion for summary judgment relating to Counts I and IV of IFC's Complaint.

Dated: August 19, 2008

ECO-FIBRE, INC. and OCONTO FALLS TISSUE, INC.,

By: s/ Steven E. Cyranoski
One of Their Attorneys

Michael A. Stiegel (#2735830)
Steven E. Cyranoski (#6210247)
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800

S:\CLIENT\023480\0002\C0878061.1

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that a copy of the foregoing Oconto Falls and Eco-Fibre's Memorandum of Law in Support of Their Motion for Summary Judgment and In Opposition to IFC's Motion for Summary Judgment was served upon the following counsel via the Court's CM/ECF system on the 19th day of August 2008, before the hour of 5:00 p.m.:

<u>Attorney for Plaintiff</u>
Edward J. Underhill, Esq.
Gerald L. Morel, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
eunderhill@masudafunai.com
ccalhan@masudafunai.com
gmorel@masudafunai.com

                                                           /s/ Steven E. Cyranoski